1
2
3
4
5

Patrick Howard (admitted *pro hac vice*)
**SALTZ MONGELUZZI & BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Place
Philadelphia, PA19103
Telephone: (215) 575-3895
Facsimile: (215) 496-0999
Email: phoward@smbb.com

6

*Counsel for Plaintiff*

7
8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

9
10
11
12
13
14
15
16
17

| THE DISTRICT ATTORNEY OF BUCKS COUNTY, PENNSYLVANIA, , <br><br> Plaintiff, <br> v. <br><br> JUUL LABS, INC., EONSMOKE, LLC, GULF MART, LEHAL ASSOCIATES, INC. D/B/A DELTA GAS <br><br> Defendants. | Case No. 20-cv-02005-WHO <br><br> **PLAINTIFF'S NOTICE OF AND MOTION FOR AN ORDER REMANDING THIS ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(e).** <br><br> Date:        T.B.D. <br> Time:        2:00 PM. <br> Courtroom:   2, 17th Floor |
|---|---|

18
19
20
21
22
23
24
25
26
27
28

[Case No. 20-cv-02005-WHO] PLAINTIFF'S NOTICE OF AND MOTION FOR AN ORDER REMANDING THIS
ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES AND FOR AN AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447 (e).

1

**TABLE OF CONTENTS**

**Page**

I.  NOTICE ........................................................................................................................... 1

II.  INTRODUCTION .......................................................................................................... 1

III.  ARGUMENT ................................................................................................................. 4

    A.  Legal Standard ................................................................................................... 4

    B.  The District Attorney Pleaded Viable Causes of Action Against the Local Retailers 5

        1.  The District Attorney's Complaint Asserts a UTPCPL Claim Against the Local Retailers .............................................................................................. 5

        2.  Local Retailers Are Liable for Contributing to a Public Nuisance ................ 7

        3.  Without Jurisdiction, the Court Cannot Apply Fed. R. Civ. P. 19 and 21 ...... 7

    C.  The District Attorney is Entitled to His Attorneys' Fees and Costs ........................... 8

IV.  CONCLUSION ............................................................................................................... 9

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**TABLE OF AUTHORITIES**

**PAGE(S)**

3

**Cases**

4

*Anadarko Petroleum Corporation v. Commonwealth*, 206 A.3d 51 (Pa. Cmwlth. 2019) ................ 6

5

*Arias v. Superior Court*, 46 Cal.4th 969 (Cal. 2009); 18 Pa.C.S. § 6305 (a) .................................... 8

6

*Com. v. J-D 201 Corp*., 1983 WL 1481 (Pa. Com. Pl. 1983)............................................................. 2

7

*Culross v. Nationstar Mortgage LLC*, 2019 WL 4389007 (C.D. Cal., 2019).............................. 5, 9

8

*Duggan v. Guild Theatre, Inc.*, 436 Pa. 191 (Pa. 1969) ..................................................................... 2

9

*Filippello v. Transamerica Premier Life Ins. Co*., 2018 WL 451639 (E.D. Pa. Jan. 16, 2018)......... 6

10

*Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543 (9th Cir. 2018)............................................. 5

11

*Griffin v. Rent-A-Center, Inc.*, 843 A.2d 393 (Pa. Super. 2004) ....................................................... 3

12

*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203 (9th Cir. 2007) ............................... 5

13

*Houden v. Todd*, 348 F. App'x. 221 (9th Cir. 2009) ........................................................................ 10

14

*Hunter v. Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009)............................................... 3, 4, 6, 9

15

*Martin v. Franklin Capital Corp*., 546 U.S. 132 (2005) ................................................................. 10

16

*Morris v. Princess Cruises, Inc*., 236 F.3d 1061 (9th Cir. 2001) ..................................................... 4

17
18

*Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287
   (C.D. Cal. Mar. 19, 2015)............................................................................................................. 5

19
20

*Rockwood v. City of Burlington, Vt*., 21 F.Supp.2d 411 (D. Vt. 1998) ............................................. 3

*SPTR, Inc. v. City of Philadelphia*, 150 A.3d 160 (Pa. Commw. Ct. 2016)...................................... 2

21

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc*., 950 P.2d 1086 (Cal. 1998) .................................. 8

22

**Statutes**

23

18 Pa.C.S. § 6305 (a) ......................................................................................................................... 7

24

28 U.S.C. § 1332(a) ........................................................................................................................... 2

25

28 U.S.C. § 1447(c) ........................................................................................................................... 8

26

28 U.S.C. § 1447(e) .................................................................................................................. 1, 7, 8

27

28 U.S.C. §§ 1332(a), 1441(b) .......................................................................................................... 3

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

73 P.S. § 201-2(3) ............................................................................................... 5

73 P.S. § 201-3 .................................................................................................... 5

73 P.S. § 201-4 .................................................................................................... 5

73 P.S. § 201-2(4)(xxi) ..................................................................................... 1, 6

73 P.S. §§ 201.1-201.9.3 ...................................................................................... 1

73 P.S.§ 201-8(b) ................................................................................................. 1

**Rules**

Fed. R. Civ. P. 19 .............................................................................................. 7, 8

Fed. R. Civ. P. 21 ........................................................................................... 3, 7, 8

1

## I.     NOTICE

2          PLEASE TAKE NOTICE that on the Court's scheduling, in Courtroom 2 on the 17th Floor

3   of the United States District Court for the Northern District of California, located at 450 Golden

4   Gate Avenue, San Francisco, California, Plaintiff, The District Attorney of Bucks County,

5   Pennsylvania, will respectfully move this Court for an order remanding this action to state court

6   and for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(e). This Motion will be

7   based on this Notice; the accompanying Memorandum of Points and Authorities in Support of

8   Plaintiff's Motion; and other argument or evidence presented at the hearing on the Motion.

9

## II.     INTRODUCTION

10          The District Attorney for Bucks County, Pennsylvania ("District Attorney") filed this action

11   on January 29, 2020, in Pennsylvania state court against Defendants, JUUL Labs, Inc. ("JUUL"),

12   Eonsmoke, LLC, and two Bucks County based tobacco retailers, Gulf Mart and Lehal Associates,

13   Inc., d/b/a Delta Gas ("Local Retailers") who were fined by the Federal Drug Administration

14   ("FDA") in 2018 for selling JUUL products to minors within Bucks County. Dkt. No. 1, Ex. A, ¶¶

15   19-23.[1] The District Attorney's Complaint is brought pursuant to the Pennsylvania Unfair Trade

16   Practices and Consumer Protection Law, 73 P.S. §§ 201.1-201.9.3 ("UTPCPL"), and

17   Pennsylvania's public nuisance law. *Id*., ¶¶132-161.

18          The UTPCPL authorizes both Pennsylvania's Attorney General and separately its District

19   Attorneys to file civil actions to police unfair practices associated with the "sale or distribution" of

20   products that necessarily "directly or indirectly affect[s] the people of th[e] Commonwealth." 73

21   P.S.§ 201-8(b) (authorizing civil action by District Attorney); § 201-2 (permitting claims to prevent

22   deceptive and unfair practices); § 201-2(3) (statutory definition of "trade" and "commerce").

23   Likewise, Pennsylvania's District Attorneys have broad common law authority to bring actions on

24          [1] The FDA's website contains a spreadsheet indicating all of the retailers by state who were
25   either warned or fined for selling e-cigarettes to minors between June-September 2018.   The
     spreadsheet identifies the name of the entity, its address, date of inspection, the date a warning or
26   fined was issued, and the e-cigarette product at issue (*i.e.,* JUUL, BLU, VUSE, NJOY).  The two
     entities named in the District Attorney's Complaint were confirmed to have sold JUUL to minors
27   in Bucks County Available at:   https://www.fda.gov/tobacco-products/ctp-newsroom/warning-
     letters-and-civil-money-penalties-issued-retailers-selling-juul-and-other-e-cigarettes   (last   visited
28   January 15, 2020).

1    behalf of the public to abate public nuisances.  *See Com. v. J-D 201 Corp*., 1983 WL 1481, at *4

2    (Pa. Com. Pl. 1983) (*quoting Duggan v. Guild Theatre, Inc.*, 436 Pa. 191 (Pa. 1969)). The District

3    Attorney seeks to hold JUUL, Eonsmoke, and the Local Retailers liable for deceptively marketing

4    tobacco products to minors and otherwise engaging in unfair business practices in illegally selling

5    JUUL to minors causing a public health crisis in Bucks County. *SPTR, Inc. v. City of Philadelphia*,

6    150 A.3d 160, 167 (Pa. Commw. Ct. 2016) ("A nuisance affects health, safety or morals.")

7    (internal quotations and citations omitted).

8          JUUL, regardless of merit or the Rules and despite the clear lack of complete diversity as

9    required by 28 U.S.C. § 1332(a), removed the District Attorney's action from Pennsylvania state

10   court to the United States District Court for the Eastern District of Pennsylvania, and then to this

11   Court by virtue of a "tag-along" notice to the JPML. Dkt. Nos. 1-2. In so doing, JUUL asserts the

12   District Attorney "fraudulently joined" the Local Retailers, and therefore, the Court can disregard

13   their residency. JUUL is wrong on the law and the facts. *See* Dkt. No. 1.  JUUL has only removed

14   the District Attorney's properly filed action because it knows the MDL Court is effectively

15   "catching and killing" any properly filed state court proceedings by refusing to entertain *any*

16   remand motions.  This is an entirely improper use of the removal process.

17         *First*, as to the law; "if there is *any* possibility that the state law might impose liability on a

18   resident defendant under the circumstances alleged in the complaint, the federal court cannot find

19   that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Phillip*

20   *Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (remanding case where plaintiff properly named

21   local retail defendant for harm caused by cigarettes) (citations omitted; emphasis added). Here, the

22   District Attorney has well pleaded claims against the Local Retailers that cannot be disregarded.

23   *See id*.  Indeed, the Complaint concisely states that the "*JUUL exposed minors throughout Bucks*

24   *County to its long pervasive marketing campaign and false/misleading messages...In turn, [the*

25   *Local Retailers] unfairly and illegally sold and/or distribute JUUL products to minors in Bucks*

26   *County*...." Dkt. No. 1, Ex. A, ¶158 (emphasis added); *see cf. Rockwood v. City of Burlington, Vt*.,

27   21 F.Supp.2d 411, 416 (D. Vt. 1998) ("The City has deemed the illegal use of tobacco products

28

by minors a public nuisance…"). JUUL, in fact, conceded as much in its Notice of Removal when it stated emphatically that the District Attorney has "an adequate remedy" against the Local Retailers in state court. Dkt. No. 1, ¶47. It is precisely because JUUL is correct – the existence of an adequate remedy with a suit in state court – that its removal and subsequent transfer to this Court is improper.  There is no reason for the District Attorney to file a separate meritorious action against JUUL in federal court and the Local Retailers in state court.  The case must be remanded in its entirety.

*Second*, as to the facts, the District Attorney's Complaint specifically pleads the Local Retailers were subject to a sweeping FDA sting operation during the summer of 2018, which confirmed their illegal sales of JUUL to minors. *Id*., ¶19-23. For purposes of Pennsylvania law, the District Attorney need not plead anything more. *Griffin v. Rent-A-Center, Inc.*, 843 A.2d 393, 395 (Pa. Super. 2004) ("The plaintiff need only allege the material facts which form the basis of a cause of action...").  The case must be remanded.

*Lastly*, knowing that there "fraudulent removal" arguments are doomed, JUUL asks this Court to take the unprecedented step of exercising jurisdiction for the sole purposes of invoking Fed. R. Civ. P. 19 and 21 to sever the Local Retailers. Dkt. No. 1, ¶¶ 32-42. None of the cases JUUL cites in support of this request stand for the proposition that a district court can exercise jurisdiction (when diversity is otherwise absent) solely for the purposes of severing a properly named party.  That is for good reason; before a district court can open the Federal Rule Book and apply its procedures, it must, first, have jurisdiction. Here, the Court does not have jurisdiction and, therefore, federal procedural rules cannot be applied.  JUUL's unsupported request should be rejected.

As such, the District Attorney respectfully requests that the Court remand this action back to state court in Bucks County, Pennsylvania and award attorneys' fees and costs for the cost and delay associated with having to file this motion to return this action to the District Attorney's properly-selected venue.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   ARGUMENT

**A.   Legal Standard**

An action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (*citing Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (citations omitted). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Id.*

There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (citations omitted). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" and "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

Courts in the Ninth Circuit "recognize a strong presumption against fraudulent joinder, which must be proven by clear and convincing evidence." *Culross v. Nationstar Mortgage LLC*, 2019 WL 4389007, at *3 (C.D. Cal., 2019) (*quoting Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)) (internal quotations omitted). Consequently, "the standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim." *Id.* (*citing Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549–50 (9th Cir. 2018)); *see also Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL-AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder."). "The party seeking removal *bears a heavy burden* of proving that the joinder of the in-state party was improper." (emphasis added). "If there is any possibility that the state law might impose liability on a resident defendant under the

---

circumstances alleged in the complaint, the federal court cannot find that joinder of the resident

defendant was fraudulent, and remand is necessary." *Id.* (citations omitted).

**B.      The District Attorney Pleaded Viable Causes of Action Against the Local Retailers**

**1.      The District Attorney's Complaint Asserts a UTPCPL Claim Against the Local Retailers**

The District Attorney has properly pleaded claims against both JUUL and the Local

Retailers pursuant to Pennsylvania law and as a result this Court cannot "find that joinder…was

fraudulent, and [therefore] remand is necessary." *Hunter*, 582 F.3d 1044. JUUL concedes as much

in its Notice of Removal, unequivocally stating that the District Attorney has an "adequate

remedy" against the Local Retailers by virtue of a suit in state court. Dkt. No. 1, ¶47.   That

concession alone is enough for the Court to stop reading and issue an order remanding the entire

case back to state court.

Notwithstanding, JUUL entirely overlooks, and fails to cite, *any* case where a civil

UTPCPL was brought by the Pennsylvania Attorney General or one of its District Attorneys. Dkt.

No. 1, 9-10.   Instead, JUUL exclusively relies on cases where UTPCPL claims were brought by

private litigants to support its "fraudulent joinder" argument.   *Id.* (*citing Filippello v. Transamerica

Premier Life Ins. Co.*, 2018 WL 451639 (E.D. Pa. Jan. 16, 2018)). This is likely for good reason;

the standards are different for District Attorneys versus private litigants and, as a result, JUUL's

"fraudulent joinder" arguments are undercut entirely. *Anadarko Petroleum Corporation v.

Commonwealth*, 206 A.3d 51, 58-59 (Pa. Cmwlth. 2019) ("the UTPCPL places restrictions on the

ability of private parties to file suit, the Law creates no such impediment for the Attorney

General.").

Indeed, the UTPCPL "imbues the Attorney General, as well as district attorneys throughout

the Commonwealth, with the power to file suit if they have reason to believe that *any person*[2] is

using or is about to use any method, act or practice declared by 73 P.S. § 201-3 to be unlawful, and

that proceedings would be in the public interest." *Id.* at 55 (*citing* 73 P.S. § 201-4) (internal

---

[2] The UTPCPL defines "person" as natural persons, corporations, trusts, partnerships,
incorporated or unincorporated associations and any other legal entities" 73 P.S. § 201-2(2).

quotations and alterations omitted) (emphasis added). UTPCPL applies broadly to trade or commerce which includes, "the advertising, *offering for sale, sale* or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value…" 73 P.S. § 201-2(3) (emphasis added). Pennsylvania's General Assembly's intent was that the UTPCPL "be liberally interpreted, so as to benefit the public at large by eradicating, among other things, unfair or deceptive business practices." *Id*. at 57 (internal quotations and citations omitted).  And, the District Attorney pleaded violations against JUUL and the Local Retailers under the UTPCPL's catchall provision, § 201-2(4)(xxi), which has long been interpreted in Pennsylvania to "cover generally all unfair and deceptive acts or practices in the conduct of trade or commerce" as a "common and well-accepted legislative response to the mischief caused by unfair and deceptive market practices." Dkt. No. 1, Ex. A, ¶138; *Com., by Creamer v. Monumental Properties, Inc.*, 329 A.2d 812, 815 (Pa. 1974).

Contrary to JUUL's representations, the District Attorney's Complaint sets forth concrete facts that both Local Retailers were caught by the FDA's 2018 sting operation selling JUUL products to minors.  Dkt. No. 1, Ex. A, ¶¶19-23. There can be little debate that the illegal sales of JUUL's highly-addictive, nicotine-laden products directly to minors is an "unfair business practice," and ensuring that those engaging in such practices are punished is within the public interest. *See e.g*., *Stop Youth Addiction, Inc. v. Lucky Stores, Inc*., 950 P.2d 1086, 1090, (Cal. 1998) ("selling cigarettes to minors is unfair competition under the [California UCL] statute."), *superseded on other grounds, Arias v. Superior Court*, 46 Cal.4th 969 (Cal. 2009); 18 Pa.C.S. § 6305 (a) (summary offense in Pennsylvania to sell or furnish tobacco product to any minor). The UTPCPL grants the District Attorney the broad authority to pursue a claim against both JUUL and the Local Retailers for their unfair and deceptive conduct in both marketing and selling JUUL products to minors. The District Attorney has pleaded claims against the Local Retailers under the UTPCPL and, therefore, the Court should remand this action back to Pennsylvania state court.

### 2. **Local Retailers Are Liable for Contributing to a Public Nuisance**

JUUL's arguments about "fraudulent joinder" of the Local Retailers regarding the District Attorney's claim for public nuisance fair even worse. As already noted, JUUL concedes that the District Attorney has an "adequate remedy" against the Local Retailers by virtue of a suit in state court. Dkt. No. 1, ¶47. Again, that is enough for remand alone.

As set forth in the Complaint, Pennsylvania has adopted the Restatement (Second) of Torts § 821(B) which defines public nuisance as "an unreasonable interference with a right to common to the general public" and describes circumstances that may sustain a holding that interference is unreasonable, which include "interference with the public health [and] public safety" or engaging in conduct "proscribed by a statute." Dkt. No. 1, Ex A, ¶169.

The Complaint establishes the Local Retailers engaged in both. *First*, supplying minors with highly addictive JUUL products has led to a litany of public health concerns, including the use of JUUL vaping devices in Bucks County's schools. *See id*., ¶142. Student access to JUUL devices in Bucks County can directly be attributed to the conduct of the Local Retailers. *Second*, the Local Retailers' conduct is expressly "proscribed by a statute"; it is illegal in Pennsylvania to sell or furnish tobacco products to minors. 18 Pa.C.S. § 6305 (a).

Contrary to JUUL's arguments, the District Attorney need not plead anything more to establish that there is a "possibility that the state law might impose liability on the [Local Retailers]." *Hunter*, 582 F.3d at 1043. This case should be remanded back to state court.

### 3. **Without Jurisdiction, the Court Cannot Apply Fed. R. Civ. P. 19 and 21**

The directive from the Ninth Circuit is clear: "if there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and *remand is necessary*." *Hunter*, 582 F.3d at 1044 (citations omitted, emphasis added). There is not a single case that stands for the proposition that if a district court determines that a party was *not* "fraudulent joined," the court may nonetheless shift its analysis to Fed. R. Civ. P. 19 and 21, sever those properly named resident defendants to create diversity jurisdiction. Despite the complete absence of support, that is what JUUL suggests this Court should do.

Indeed, once this Court concludes (as it should) the Local Retailers were not fraudulent joined, complete diversity is no longer satisfied, and therefore the Court lacks subject matter jurisdiction and cannot not invoke federal procedure to otherwise create it. *Culross*, 2019 WL 4389007, at \*4 (refusing to entertain any additional arguments after determining joinder was not fraudulent and diversity lacking). JUUL's suggestion seems to be one of tortured interpretation of 28 U.S.C. § 1447(e), which governs the situation where the plaintiff seeks to join additional defendants *after* removal to destroy diversity jurisdiction. In those circumstances, the Rule makes clear that "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). That is not the circumstance here. When JUUL removed the District Attorney's action there was not complete diversity and therefore no subject matter jurisdiction. If the Court concludes, as it should, the Local Retailers were properly named defendants, then this Court must remand because it never had proper subject matter jurisdiction. JUUL's suggestion that the Court invoke Fed. R. Civ. P. 19 and 21 regardless of its lack of jurisdiction should be rejected.

**C.     The District Attorney is Entitled to His Attorneys' Fees and Costs**

This Court has the discretion to order an award of "just costs and any actual expenses including attorneys' fees" pursuant to 28 U.S.C. § 1447(c) where the removing party did not have an "objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). Disregarding the relevant case law constitutes an "objectively unreasonable basis" for considering a cost and fee award. *See Houden v. Todd*, 348 F. App'x. 221 (9th Cir. 2009). And that is what happened here.

*First*, JUUL's Notice concedes on its face that the District Attorney has proper causes of actions and remedies against the Local Retailers. Dkt. No. 1, ¶47. Removing the District Attorney's action and claiming that those same Local Retailers were "fraudulently joined" is *not* objectively reasonable. That contradiction alone warrants a finding that an award of attorneys' fees and costs is justified.

*Second*, going further, JUUL completely ignored the clear distinction between actions under the UTPCPL brought by the District Attorney versus private litigants. Indeed, JUUL's Notice does not even address the District Attorney's right to broadly police "unfair business

practices" in selling products in the Commonwealth. *See supra*., § III(B)(1). And, JUUL claimed that the District Attorney pleaded no facts about the Local Retailers in the "Factual Allegations" conduct to support the UTPCPL claim (Dkt. No. 1, ¶23), while entirely ignoring the specific facts regarding each Local Retailers conduct in the "Parties" section of the Complaint. *Id.*, Ex. A, ¶¶19-21.  Such gamesmanship should not be encouraged.

*Third*, JUUL's Notice completely ignored the elements of public nuisance under Pennsylvania law, and again, the well-pleaded facts of the Complaint when it claimed that Plaintiffs failed to allege any specific conduct against the Local Retailers that could cause or contribute to a public nuisance. *Id*., ¶¶28-30.  As discussed above, endangering the public health and/or engaging in conduct that is proscribed by statute can form the basis of a cause of action for public nuisance.  *See supra*., III(c)(1). The Complaint clearly pleads that both Local Retailers sold JUUL to minors, which is not only proscribed by statute, but has had created an epidemic among minors in Bucks County.  *Id.*

JUUL's decision to remove this action and send it across the country was unreasonable, as it ignored both the factual allegations and the law governing the causes of action the District Attorney asserted.  For that, JUUL must pay the District Attorney's reasonable attorneys' fees and costs.

## IV.    CONCLUSION

For these reasons above, this Court should issue an order remanding this case back to Pennsylvania State Court.  The Court should further award the District Attorney his reasonable attorneys' fees and costs for having to prepare this motion and any subsequent related efforts related to the motion's disposition, including attorneys' fees and costs associated with travel to attend and present oral argument in California.

Date: March 31, 2020        By:  __/s/ Patrick Howard_____
                                    Patrick Howard
                            **SALTZ MONGELUZZI & BENDESKY, P.C.**
                            One Liberty Place, 52nd Floor
                            1650 Market Street
                            Philadelphia, PA 19103
                            Tel:    (215) 575-3895
                            Email: phoward@smbb.com

                            *Counsel for The District Attorney of Bucks County,*
                            *Pennsylvania*

*Admitted *pro hac vice* January 13, 2020.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Patrick Howard, hereby certify on this 31st day of March, 2020, that a true and correct

copy of the foregoing motion was served on counsel of record by placing it on the Court's

electronic filing system

_____*s/Patrick Howard*_____

1

**E-Filing Attestation**

2      I, Patrick Howard, am the ECF User whose ID and password are being used to file this

3   document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4   signatories identified below has concurred in this filing.

5

6                                            */s/ Patrick Howard*
                                             Patrick Howard

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28